UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2006- 23CB, MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2006- 23CB,<br><br>              Plaintiff,<br>    v.<br><br>MISSION DEL REY HOMEOWNERS ASSOCIATION; SFR INVESTMENTS POOL 1, LLC,<br><br>              Defendants. | Case No. 2:17-cv-02173-RFB-GWF<br><br>**ORDER** |

**I.    INTRODUCTION**

Before the Court are SFR Investments Pool 1, LLC's ("SFR's") Renewed Motion to Dismiss (ECF No. 35), Mission Del Rey Homeowners Association's ("Mission Del Rey's") Motion for Partial Dismissal or Alternatively, Motion for Partial Summary Judgment (ECF No. 36), The Bank of New York Mellon, f/k/a The Bank of New York as Trustee For The Certificateholders of CWALT, Inc., Alternative Loan Trust 2006-23CB, Mortgage Pass-Through Certificates, Series 2006-23CB's ("BNY's") Countermotion for Partial Summary Judgment (ECF No. 40), and SFR's Motion to Strike Plaintiff's Counter-Motion for Partial Summary Judgment (ECF No. 49).

In the complaint filed August 14, 2018, BNY seeks declaratory relief and injunctive relief on the basis of a quiet title claim. ECF No. 1. For the reasons stated below, the Court grants in part and denies in part SFR's and Mission Del Rey's motions to dismiss. The Court denies SFR's

motion to strike, but grants SFR additional time to response to BNY's Counter-Motion for Partial Summary Judgment, which will remain pending.

## II. FACTUAL BACKGROUND

The Court summarizes the facts alleged in BNY's complaint. ECF No. 1.

On or about May 16, 2006, Linda R. Kabiling and Gil David Kabiling purchased property located at 805 El Cabo Rey Avenue, Las Vegas, NV 89081 ("the Property"). The Kabilings financed ownership of the property by way of a loan from New Freedom Mortgage Corporation in the amount of $244,395.00 evidenced by a note and secured by a deed of trust (the senior deed of trust) recorded May 26, 2005. The senior deed of trust was later assigned to BNY via an assignment of deed of trust.

On September 20, 2011, Mission Del Rey, through its agent, Nevada Association Services, Inc. ("NAS"), recorded a Notice of Delinquent Assessment Lien. Per the notice, the amount due to Mission Del Rey was $1,524.10, of which $826.10 represented late fees, collection fees and interest.

On November 9, 2011, Mission Del Rey, through its agent NAS, recorded a Notice of Default and Election to Sell to Satisfy the Delinquent Assessment Lien. The notice stated the amount due to Mission Del Rey was $2,507.20, but did not specify whether it includes dues, interest, fees and collection costs in addition to assessments. The notice also did not specify the super-priority amount claimed.

On or about December 28, 2011, Bank of America, N.A., as then-servicer of the loan, requested a ledger from Mission Del Rey through its agent NAS, identifying the super-priority amount allegedly owed to Mission Del Rey. Mission Del Rey refused to provide a ledger.

Bank of America and its counsel calculated the super-priority amount claimed by Mission Del Rey by referencing a ledger previously provided by the Mission Del Rey for another property. Based on the monthly assessment amount identified in Mission Del Rey's ledger, Bank of America accurately calculated the true super-priority amount as $486.00, the sum of nine-months of common assessments as identified in Mission Del Rey's ledger, and tendered that amount to

1    Mission Del Rey through its agent NAS on January 19, 2012.  Mission Del Rey refused Bank of
2    America's tender.
3        On March 27, 2012, Mission Del Rey, through its agent NAS, recorded a Notice of
4    Trustee's Sale.  The trustee's sale was scheduled for April 20, 2012.  The notice stated the amount
5    due to Mission Del Rey was $3,666.12, which included reasonable estimated costs, expenses and
6    advances.  The notice did not specify the super-priority amount claimed.
7        On September 6, 2013, Mission Del Rey, through its agent NAS, recorded a Notice of
8    Trustee's Sale.  The trustee's sale was scheduled for September 30, 2013.  The notice states the
9    amount due to Mission Del Rey was $4,023.44, which includes reasonable estimated costs,
10   expenses and advances.  The notice did not specify the super-priority amount claimed.
11       Mission Del Rey foreclosed on the property on or about September 30, 2013.  A foreclosure
12   deed in favor of SFR was recorded October 7, 2013.  Upon information and belief, the sale price
13   at the September 30, 2013 foreclosure sale was $9,000.00.

### III.    PROCEDURAL BACKGROUND

BNY filed its Complaint on August 14, 2017.  ECF No. 1.

On November 9, 2017, Mission Del Rey filed a Motion for Partial Dismissal or Alternatively, Motion for Partial Summary Judgment.  ECF No. 14.

The Court entered a scheduling order on January 31, 2018.  ECF No. 22.  SFR filed a Motion to Dismiss on May 7, 2018.  ECF No. 31.  Discovery closed on June 29, 2018.  ECF No. 28.

On July 13, 2018, the Court denied Mission Del Rey's pending motion without prejudice and issued a stay in the case pending the Nevada Supreme Court's decision on a certified question of law regarding NRS 116's notice requirement in Bank of N.Y. Mellon v. Star Hill Homeowners Ass'n, Case No. 2:16-cv-02561-RFB-PAL.  ECF No. 34.  The Nevada Supreme Court published an answer to the certified question on August 2, 2018.  SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248 (Nev. 2018).

///

On August 23, 2018, SFR filed the instant Renewed Motion to Dismiss. ECF No. 35. On August 24, 2018, Mission Del Rey filed the instant Renewed Motion for Partial Dismissal or Alternatively, Motion for Partial Summary Judgment and joined SFR's Renewed Motion to Dismiss. ECF Nos. 36, 37. On September 13, 2018, BNY filed the instant Counter-Motion for Partial Summary Judgment. ECF No. 40. On October 4, 2018, SFR filed the instant Motion to Strike. ECF No. 49.

The Court will now lift the stay in this case and consider the pending motions.

### IV. LEGAL STANDARD

#### a. Motion to Dismiss

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

#### b. Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the

record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

## V. DISCUSSION

### a. SFR's Motion to Dismiss

SFR seeks to dismiss BNY's complaint on the grounds of (1) statute of limitations and (2) failure to join an indispensable party. Mission Del Rey joined SFR's motion. For the reasons stated below, the Court finds that the statute of limitations bars BNY's claims only to the extent they are based on liability created by statute; BNY's alleged equitable and constitutional bases for invalidating the foreclosure sale may proceed. The Court denies the motion on the basis of failure to join an indispensable party but does require that the Kabilings be joined to this suit to the extent joinder is feasible.

#### i. Statute of Limitations

In its Renewed Motion to Dismiss, SFR argues that BNY is barred from suit by the applicable statute of limitations. Accepting the allegations in the complaint as true, the Court determines whether "the running of the statute is apparent on the face of the complaint." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006) (citation omitted). A complaint may be dismissed as untimely only where "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995).

For statute of limitations calculations, time is computed from the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). BNY alleges that the foreclosure sale occurred on September 30, 2013 and that the foreclosure deed in favor of SFR was recorded on October 7, 2013. The statute began to run on the date of the foreclosure sale. Contrary to Plaintiff's argument, the claim did not accrue on September 18, 2014, the date of the Nevada Supreme Court decision in SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408 (Nev. 2014). The Nevada Supreme Court has held that SFR Investments applies retroactively and constitutes an interpretation of NRS

5

116.3116 rather than a change in law. K&P Homes v. Christiana Trust, 133 Nev. Adv. Op. 51 (July 27, 2017). Because NRS 116.3116 was in effect at the time of the foreclosure sale, the Court finds that Plaintiff's claim accrued at that time of the foreclosure. The complaint was filed on August 14, 2017, over three but under four years later.

### 1. First Cause of Action

In its first cause of action for quiet title/declaratory relief against all Defendants, BNY alleges that Nevada Revised Statutes ("NRS") Chapter 116 is facially unconstitutional; that recorded notices failed to describe the lien in sufficient detail to satisfy due process as-applied; that its predecessor in interest tendered and satisfied the super-priority amount, voiding the foreclosure sale; that the foreclosure sale was commercially unreasonable; and that SFR was not a bona fide purchaser for value.

Actions upon a liability created by statute carry a three-year statute of limitations pursuant to NRS 11.190(3)(a). But BNY's first count is based on constitutional law and equitable considerations rather than any alleged violation of the statutory scheme.[1] The Court finds that because these allegations are not based upon a liability created by statute, they fall within the four-year catch-all provision at NRS 11.220 and are not foreclosed.

BNY is not, however, entitled to the five-year statute of limitations for certain quiet title actions pursuant to NRS 11.070 and 11.080. The statute of limitations provided by these code sections only apply when the plaintiff actually "was seized or possessed of the premises." Nev. Rev. Stat. §§ 11.070, 11.080; see also Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A., 388 P.3d 226, 232 (Nev. 2017) (NRS 11.080); Bissell v. Coll. Dev. Co., 469 P.2d 705, 707 (Nev. 1970) (NRS 11.070). NRS 11.070 and 11.080 do not apply to claims by parties that held only a lien interest, not title.

BNY incorrectly asserts that no statute of limitations applies to seek declaratory relief. "A

---

[1] The Court notes that the timeline for tendering the super-priority lien is codified at NRS 116.31162. But "[t]he phrase 'liability created by statute' means a liability which would not exist but for the statute." Torrealba v. Kesmetis, 178 P.3d 716, 722 (Nev. 2008) (quoting Gonzalez v. Pacific Fruit Express Co., 99 F. Supp. 1012, 1015 (D. Nev. 1951)). Tender and rejection thereof raise equitable considerations irrespective of the statutory scheme.

6

claim for declaratory relief is subject to a statute of limitations generally applicable to civil claims." Zuill v. Shanahan, 80 F.3d 1366, 1369–70 (9th Cir. 1996). While Nevada law recognizes that "[t]he statute of limitations applies differently depending on the type of relief sought" and that "claimants retain the right to prevent future violations of their constitutional rights [through prospective relief]," City of Fernley v. State, Dep't of Tax, 366 P.3d 699, 706 (Nev. 2016), the relief BNY seeks is retrospective in nature. BNY argues that it seeks prospective relief as to the ongoing validity of its deed of trust. But to find in favor of BNY on this claim, the Court would first need to award retrospective relief by finding that the foreclosure sale did not extinguish the senior deed of trust or that the foreclosure sale was void, meaning a deed of trust existed on which the judicial foreclosure claim could proceed. The Court further notes that Facklam, relied upon by BNY, holds only that a statute of limitations does not operate to bar a nonjudicial foreclosure, as such a foreclosure is neither a civil nor a criminal judicial proceeding; Facklam does not hold that a statute of limitations cannot bar a judicial action challenging a nonjudicial foreclosure. See Facklam v. HSBC Bank USA for Deutsche ALT-A Sec. Mortg. Loan Tr., 401 P.3d 1068, 1070-71 (Nev. 2017) (en banc). The statute of limitations as outlined above therefore applies.

2. Second Cause of Action

In its second cause of action for breach of NRS 116.1113 against Mission Del Rey, BNY alleges that Mission Del Rey failed to comply with its Conditions, Covenants & Restrictions ("CC&Rs"). While the three-year statute of limitations pursuant to NRS 11.190(3)(a) does not foreclose BNY's first claim as relates to an alleged right protected by the CC&Rs, the Court finds that a foreclosure sale cannot be invalidated by an HOA's failure to comply with such a requirement in its own CC&Rs. NRS 116.1104 states that, absent express statutory language to the contrary, Chapter 116's provisions "may not be varied by agreement, and rights conferred by it may not be waived." Chapter 116 does not expressly provide that a declaration can set forth additional notice requirements that, unless satisfied, negate the status of the super-priority portion of an HOA's lien. Mission Del Rey's alleged failure to comply with its CC&Rs is therefore not a basis upon which BNY may prevail on its quiet title claim. See SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408, 418–19 (Nev. 2014) (holding that the bank's argument that a mortgage

savings clause in the CC&Rs subordinated the HOA's super-priority lien was defeated by NRS 116.1104, and stating that "[t]he mortgage savings clause thus does not affect NRS 116.3116(2)'s application in this case"). Nor can BNY recover any money damages from Mission Del Rey from an alleged violation of the CC&Rs; to the extent the CC&Rs conflict with Chapter 116, such terms are unenforceable and therefore Mission Del Rey cannot be liable for their breach.

### 3. Third Cause of Action

In its third cause of action for wrongful foreclosure against Mission Del Rey, BNY alleges that Mission Del Rey failed to give adequate notice; that BNY's predecessor in interest satisfied the super-priority portion of the lien; that the foreclosure sale price was commercially unreasonable; and that Mission Del Rey violate the good faith requirements of NRS 116.1113.

Insofar as BNY's claim relates to any right protected by NRS Chapter 116 and the violation of that right, BNY's third cause of action carries a three-year statute of limitations pursuant to NRS 11.190(3)(a), which applies to actions upon a liability created by statute. Such bases for the claim are barred here. The theories of liability that are foreclosed include a.) any statutory claim that it preserved its interest in the property by tending the super-priority portion of the lien and b.) any claim that Mission Del Rey violated the good faith requirements of NRS 116.1113. The equitable claims carry a four-year statute of limitations as discussed above and therefore may proceed. These include equitable claims as to inadequate price and improper conduct surrounding the notice and/or tender in this case.

### 4. Fourth Cause of Action

In its fourth cause of action, BNY seeks injunctive relief against SFR. As injunctive relief is a remedy rather than a stand-alone substantive claim, the Court finds that the statute of limitations does not by itself prohibit this requested relief.

**ii. Rule 19 Failure to Join**

SFR argues that BNY has failed to name Linda R. Kabiling and Gil David Kabiling pursuant to Rule 19 of the Federal Rules of Civil Procedure. It argues that the Kabilings are necessary and indispensable parties because their title interest is affected if the foreclosure sale is declared void.

Pursuant to Rule 19, a party shall be joined where: "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(A).

Because BNY seeks a declaratory judgment stating that the foreclosure sale was void, the Court finds that it cannot grant complete relief to BNY in the absence of the Kabilings. A nullification of the foreclosure sale implicates the reinstatement of the Kabilings ownership interest in the Property. The Court does not dismiss on this basis as SFR has not shown that joinder is not feasible, but orders that BNY must either join the Kabilings to the suit pursuant to Rule 19(a)(2) or show that joinder is not feasible pursuant to Rule 19(c).

### b. Mission Del Rey's Motion to Dismiss / Motion for Summary Judgment

Mission Del Rey seeks to prevail under either the motion to dismiss or motion for summary judgement standard because it argues that: (1) the complaint states no cause of action against Mission Del Rey, which asserts no interest in the Property and (2) the statute of limitations bars the third and fourth causes of action.

The Court finds that Mission Del Rey is a proper party to this action for largely the same reasons the Kabilings must be joined. The declaratory judgment sought by BNY could implicate the reinstatement of Mission Del Rey's lien interest as an encumbrance against the Property. Moreover, Mission Del Rey was the party responsible for the foreclosure process, the constitutionality of which BNY seeks to litigate. The Court therefore disagrees that Mission Del Rey is an improper Defendant in this suit and declines to dismiss the claims or grant summary judgment on that basis.

For the reasons stated above, the statute of limitations does not bar the equitable bases of BNY's third cause of action, nor does it bar potential injunctive relief. However, the statute of limitations bars the third cause of action insofar as it relates to any right protected by NRS Chapter 116.

### c. SFR's Motion to Strike

Before reaching BNY's Counter-Motion for Partial Summary Judgment, the Court considers SFR's motion to strike it. SFR argues that the BNY's motion was filed outside of the dispositive motion deadline without permission of the Court. In its July 13, 2018 order, the Court ordered as follows: "The moving party shall have 21 days from the date of the Nevada Supreme Court's decision on the certified question to file a modified Motion for Summary Judgment/Motion to Dismiss or to file a notice renewing the previously filed motion." ECF No. 34. The applicable deadline was therefore August 23, 2018. BNY filed its motion on September 13, 2018. BNY argues that this August 23, 2018 deadline did not apply to its motion because BNY was not a "moving party" at the time of the July 13, 2018 order and was not seeking to file a modified version of a previous filing or to re-file a previous filing.

The Court finds that BNY's Counter-Motion was filed untimely. To the extent the Court's order was ambiguous as applied to BNY's filing of a dispositive motion, BNY should have sought clarification. The Court gave BNY no reason to believe that it had leave to file a dispositive motion three weeks after SFR and Mission Del Rey's deadline. However, the Court finds that BNY's failure to seek clarification constitutes excusable neglect and that there exists good cause for considering the untimely motion. The Court therefore permits the extension of time pursuant to Rule 6(b)(1)(B) and the Court's exercise of discretion.[2]

As the Court declines to strike BNY's Counter-Motion but does find that it was untimely, the Court grants SFR's request that it receive an additional 21 days to respond.

### VI. CONCLUSION

**IT IS ORDERED** that the stay in this case is LIFTED.

**IT IS FURTHER ORDERED** that SFR's Renewed Motion to Dismiss (ECF No. 35) is GRANTED to the extent BNY's claims are based on liability created by statute, and otherwise DENIED.

---

[2] The Court also notes that Mission Del Rey filed its Renewed Motion to Dismiss one day late but declines to strike the motion.

**IT IS FURTHER ORDERED** that Mission Del Rey's Motion for Partial Dismissal or Alternatively, Motion for Partial Summary Judgment (ECF No. 36) is similarly GRANTED to the extent BNY's claims are based on liability created by statute, and otherwise DENIED.

**IT IS FURTHER ORDERED** that SFR's Motion to Strike Plaintiff's Counter-Motion for Partial Summary Judgment (ECF No. 49) is DENIED.

**IT IS FURTHER ORDERED** that SFR must file any Response to BNY's Counter-Motion for Partial Summary Judgment by April 22, 2019.

DATED: March 31, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRCIT JUDGE**